UNITED STATES AGENCY, PLAINTIFF-RESPONDENT, v. PAUL HANDLER AND CAROLINE (KAROLINE OR KAROLIN) HANDLER, DEFENDANTS-APPELLANTS.

Argued May 18, 1933—Decided September 27, 1933.

For the defendants-appellants, *Scholland & Scholland.*

For the plaintiff-respondent, *Reed & Reynolds (Hugh B. Reed).*

The opinion of the court was delivered by

BODINE, J. The defendant appeals from a judgment in favor of the plaintiff. The suit was upon a bond for a deficiency after foreclosure. The defendants were not upon

the bond in suit. They can be held liable only by reason of an extension agreement wherein they covenanted to pay the principal and interest due upon the original obligation. At the time this agreement was executed they were the owners of the mortgaged premises. For the agreement, they paid a bonus of $500. The only question in this case is whether the extension agreement was void. If so, there must be a reversal.

The usury statutes were designed to protect necessitous persons from unconscionable money lenders.

"No payment obtained through oppression or undue advantage is voluntary, and the law presumes every payment made to a person who is by statute forbidden to receive it, where the statute is for the protection of the payer, as made through oppression and undue advantage." *Brown* v. *McIntosh,* 39 *N. J. L.* 22, 26.

"The law presumes that the payment was exacted by oppression on the part of the lender, and therefore invalidates it as a means of transferring the right to the money paid. The same presumption and effect must extend to whatever else passes from the borrower to the lender as a part of the same transaction for the purpose of securing such transfer." *Clarke* v. *Day,* 72 *N. J. L.* 75.

The present statute (4 *Comp. Stat., p.* 5704) made the bonus a mere payment upon the principal, but it did not validate usurious transactions. *Nightingale* v. *Meginnis,* 34 *N. J. L.* 461. Notwithstanding the agreement, the mortgage could have been foreclosed and the defendant could not have barred or delayed the action by reason of the agreement. *Trusdell* v. *Jones,* 23 *N. J. Eq.* 121; *affirmed, Ibid.* 554. Therefore, there was no consideration moving to him, or his wife, to sustain the covenant to pay the bond. Of course, the original bond and mortgage was not tainted by the subsequent usury. *Ruh* v. *Dwiggins,* 77 *N. J. Eq.* 117; *Lillig* v. *McGarrity,* 107 *Id.* 147; 109 *Id.* 130. But that circumstance does not validate the subsequent agreement tainted with usury by which the usurer seeks to hold the defendants to an obligation which was without consideration and void.

The judgment below is reversed.

*For affirmance*—CASE, KAYS, DEAR, WELLS, DILL, JJ. 5.

*For reversal*—THE CHANCELLOR, TRENCHARD, PARKER, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, HETFIELD, JJ. 9.